UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DARTTON A. DROGIN,<br><br>        Plaintiff,<br><br>   v.<br><br>YAHOO,<br><br>        Defendant. | Case No.: C 09-1368 PVT<br><br>**ORDER THAT CASE BE REASSIGNED AND RECOMMENDATION THAT CASE BE DISMISSED WITH LEAVE TO AMEND** |

Pending before the court is Plaintiff's Application to Proceed *In Forma Pauperis*.[1] Based on the application and the file herein,

IT IS HEREBY ORDERED that this case be reassigned to a District Judge[2] with the recommendation that the case be dismissed with leave to amend.

A federal court must dismiss an *in forma pauperis* complaint if the complaint is: 1) frivolous; 2) fails to state a claim on which relief may be granted; or seeks 3) monetary relief against a defendant who is immune from such relief. See, 28 U.S.C. § 1915(e)(2). In the present case,

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] This court is ordering reassignment to a District Judge because, absent consent of all parties, a Magistrate Judge does not have authority to make case-dispositive rulings. *See, e.g., Tripati v. Rison*, 847 F.2d 548 (9th Cir. 1988).

Plaintiff's first and second causes of action fail to state a claim upon which relief may be granted and this court lacks jurisdiction over his third cause of action.

Plaintiff attempts to plead three causes of action; one under 42 U.S.C. section 1983, one under 15 U.S.C. section 78t, and one under 28 U.S.C. sections 1343(3) & (4), and 2201. His complaint fails to state a claim upon which relief may be granted under any of those statutes.

Plaintiff's first cause of action under Section 1983 fails to state a claim because there are no facts alleged that would support a finding that Yahoo's complained of actions were done "under color of state law." *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006) ("district court also properly dismissed [plaintiff's] claim under 42 U.S.C. § 1983 because there is no allegation that any defendant was acting under the color of state law"); *see also, Murawksi v. Pataki*, 514 F.Supp.2d 577, 588 (S.D.N.Y. 2007) (dismissing Section 1983 claim against Yahoo! because Yahoo! is a private company that is not subject to constitutional free speech guarantees and there was no allegation Yahoo! acted under color of state law).

Plaintiff's second cause of action fails to state a claim because there is no private right of action for aiding and abetting under 15 U.S.C. section 78t. *See Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, --- U.S. ----, 128 S.Ct. 761, 771 (2008) (aiding and abetting liability is authorized in actions brought by the Securities and Exchange Committee, but not in actions brought by private parties).

Plaintiff's third cause of action fails to state a claim because 28 U.S.C. section 1343 is a jurisdictional statute that does not provide a cause of action. *See Allen v. Gold Country Casino*, 464 F.3d at 1048. And while Plaintiff arguably states a claim for declaratory relief in that he alleges a controversy between himself and Yahoo, this court lacks subject matter jurisdiction over any such claim. *See Nationwide Mut. Ins. Co. v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005) (noting that 28 U.S.C. section 2201 "does not by itself confer federal subject-matter jurisdiction"). Section 1343 does not afford jurisdiction in this case because Plaintiff does not allege Yahoo was acting under color of state law. *See, e.g., Ehn v. Price*, 372 F.Supp. 151, 152 (N.D.Ill. 1974) ("failure to allege that the conduct of the defendant which is the subject matter of the complaint was done under 'color of state law' negates the existence of any jurisdictional basis under 28 U.S.C. § 1343").

1     Granting Plaintiff leave to amend his complaint is warranted.  Courts must give *pro se*
2  litigants an opportunity to amend their complaint unless it is absolutely clear that no amendment
3  could cure the defect.  *See, Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).  From
4  Plaintiff's Civil Rights Complaint it is not possible to determine whether or not Plaintiff will be able
5  to file an amended complaint that states a cause of action against the Defendant over which this court
6  has subject matter jurisdiction.

7  Dated: *5/14/09*

8                                                            PATRICIA V. TRUMBULL
9                                                            United States Magistrate Judge

1
2  ***Counsel automatically notified of this filing via the court's Electronic Case Filing system.***
3
4  copies mailed on    *5/14/09*         to:
5  Dartton A Drogin
   34 Pheasant Ridge Drive
6  Londonville, NY  12211
7                                           /s/  Donna Kirchner            for
                                            CORINNE LEW
8                                           Courtroom Deputy
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28